IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KENNY DREW SAYRE,**

        **Petitioner,**

**v.**                                                  **Civil No. 1L07cv61**
                                                          **(Judge Keeley)**

**THOMAS MCBRIDE, Warden,**

        **Respondent.**

## REPORT AND RECOMMENDATION

On May 3, 2007, the *pro se* petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody as well as a Petition to Proceed *in forma pauerpis*. On May 14, 2007, the petitioner's motion to proceed *in forma pauperis* was granted.

This case is before the undersigned for a report and recommendation pursuant to LR PL P 83.09.

## I. Procedural History

As set forth in the pleadings, the petitioner was convicted by a jury of burglary and kidnaping in the Circuit Court of Harrison County, West Virginia. As a result of his conviction, petitioner received a recidivist life sentence. Petitioner appealed his conviction and sentence to the West Virginia Supreme Court of Appeals. Petitioner's appeal was refused in 1999.

This is the fifth time that petitioner has sought federal habeas relief in this court. On March 7, 2002, petitioner filed his first federal habeas petition. See 1:02cv41. Petitioner's case was considered on the merits and dismissed with prejudice by the Honorable Irene M. Keeley on March 31, 2003. The Fourth Circuit denied petitioner's request for a certificate of appealability.

Petitioner filed a second federal habeas on August 2, 2004. See 1:04cv172. While that

petition was pending, petitioner filed a third federal habeas petition on November 22, 2004. See 1:04cv246. By consolidated Order, the Honorable W. Craig Broadwater dismissed petitioner's second and third federal habeas petitions as successive. On July 21, 2006, the Fourth Circuit denied the petitioner a certificate of appealability.

On November 14, 2005, the petitioner filed his fourth petition. See 5:05cv183. On August 16, 2006, Judge Stamp dismissed this petition as successive, as well. On December 29, 2006, the Fourth Circuit denied the petitioner a certificate of appealability.

## II. The Petition

In the petition, the petitioner asserts the following grounds for relief:

(1) the court erred in using the wrong name for the victim in the indictment, during voir dire, and during an evidentiary hearing, resulting in a violation of his rights to due process and equal protection;

(2) the recidivist life sentence was illegal due to the use of the wrong name for the victim on the triggering offense

## III. Standard of Review

Title 28 U.S.C. § 2244 (b) provides that:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due

2

>diligence; and
>(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Because the Court is required to dismiss a second or successive § 2254 petition unless certain exceptions apply, the threshold question in this case is whether or not the instant petition qualifies as a "second or successive" petition under § 2244(b). See Stewart v. Martinez-Villareal, 523 U.S. 637, 642 (1998). Although § 2244(b) does not define what constitutes a "second or successive petition," the Fourth Circuit has found that in order for a subsequent petition to be dismissed as successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F.3d 370 (4th Cir. 2002). Further, "[i]n the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims." United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). "[T]he authorization requirement applies to the entire application." Id.

However, simply because a prisoner filed a previous federal habeas petition "does not necessarily render a subsequent petition 'second or successive.'" Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005) (quoting Hill v. Alaska, 297 F.3d 895, 898 (9th Cir. 2002)). "Rather, the phrase 'is a term of art given substance . . . in prior habeas corpus cases.'" Id. (quoting Slack v. McDaniel, 529 U.S. 473, 486 (2000)). "Whether a later petition is considered 'successive' is guided by abuse of the writ principles." Singleton v. Norris, 319 F.3d 1018, 1023 (8th Cir. 2003) (citing Crouch v. Norris, 251 F.3d 720, 723-724 (8th Cir. 2001)).

3

The abuse of the writ doctrine "refers to a complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions." McCleskey v. Zant, 499 U.S. 467, 489 (1991). Under this common law doctrine, the Court "need not entertain a petition that abuses the habeas process." Esposito v. Ashcroft, 392 F.3d 549, 550 (2d Cir. 2004). The primary concerns behind the doctrine are judicial economy, finality of judgments, and the avoidance of piecemeal litigation. McCleskey, 499 U.S. at 491. Thus, "the abuse of the writ doctrine generally precludes inmates from relitigating the same issues in subsequent [habeas] applications, or from raising new issues in subsequent habeas petitions." Griffin v. United States Parole Comm., 2003 WL 23961840 (E.D.Va. Nov. 19, 2003) (citing 28 U.S.C. § 2244(a) and McCleskey v. Zant, supra).

## IV. Analysis

In his first federal habeas petition, petitioner asserted 11 grounds for relief and 43 sub-grounds. After a lengthy and thorough examination of the petitioner's claims on the merits, petitioners' first federal habeas petition was dismissed with prejudice.

On August 2, 2004, petitioner filed a second federal habeas petition and on November 22, 2004, petitioner filed a third federal habeas petition. By consolidated Order, the Court found that petitioner's first federal habeas petition was an adjudication on the merits and dismissed the petitioner's second and third petitions as successive. Thus, being already established by this Court that petitioner's first federal habeas was dismissed on the merits, the instant case is successive and must be dismissed unless the petitioner can establish one of the exceptions enumerated in 28 U.S.C. § 2244(b).

Petitioners' claim clearly does not rely on a new rule of constitutional law, made

4

retroactive to cases on collateral review by the Supreme Court. Therefore, the only exception which might have application in this case is § 2244(b)(2)(B) which allows an exception where the factual predicate of a claim could not have been discovered previously through the exercise of due diligence. Clearly, the petitioner can make no such argument given the issues raised in the petitioner's previous federal habeas petitions. In Ground One of petitioners' first federal habeas petition, he asserted that his indictment was unconstitutional because it was not under victim's legal name. Moreover, in Ground Two of his fourth petition, petitioner argued that counsel was ineffective for failing to object to the use of the victim's illegal alias name as counsel knew the true identity of the victim at the time of *voir dire*. Both of these instances clearly show that the <u>factual predicate</u> for petitioner's claim was known at the time of trial and at the time petitioner filed his first federal habeas petition. Thus, petitioner's claims are not newly discovered and his petition must be dismissed as successive.

## VI. Recommendation

For the foregoing reasons, it is recommended that the Petition for Writ of Habeas Corpus (dckt. 1) be **DISMISSED** with prejudice as successive.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir.), <u>cert. denied</u>, 467 U.S. 1208 (1984);

Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner and any counsel of record.

DATED: 5/29/07

     /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE