```
IN THE UNITED STATES DISTRICT COURT
 FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**KENNY DREW SAYRE,**

      **Petitioner,**

v.                                CIVIL ACTION NOs. 1:07CV61

                                     (Judge Keeley)

**THOMAS MCBRIDE, Warden,**

      **Respondent.**

## ORDER AFFIRMING MAGISTRATE'S REPORT AND RECOMMENDATION

### I. PROCEDURAL HISTORY

On May 3, 2007, the *pro se* petitioner, Kenny Drew Sayre ["Sayre"], filed a Petition Under 28 U.S.C. §2254 by a Person in State Custody as well as a Petition to Proceed *in forma pauerpis*. (Case no. 1:04cv246). Sayre has also filed numerous supplements which will be addressed below.

### II. FACTS

Sayre was convicted on July 16, 1997, following a jury trial in the Circuit Court of Harrison County of burglary and kidnaping. As a result of his conviction, petitioner received a recidivist life sentence. Petitioner appealed his conviction and sentence to the West Virginia Supreme Court of Appeals. Petitioner's appeal was refused in 1999.

This is the <u>fifth</u> time that petitioner has sought federal habeas relief in this court. On March 7, 2002, petitioner filed his first federal habeas petition. See 1:02cv41. Petitioner's case was considered on the merits and dismissed with prejudice by this Court on March 31, 2003. The Fourth Circuit denied

petitioner's request for a certificate of appealability.

Petitioner filed a second federal habeas on August 2, 2004. See 1:04cv172. While that petition was pending, petitioner filed a third federal habeas petition on November 22, 2004. See 1:04cv246. By consolidated Order, the Honorable W. Craig Broadwater dismissed petitioner's second and third federal habeas petitions as successive. On July 21, 2006, the Fourth Circuit denied the petitioner a certificate of appealability.

On November 14, 2005, the petitioner filed his fourth petition. See 5:05cv183. On August 16, 2006, the Honorable Frederick P. Stamp, Jr. dismissed this petition as successive. On December 29, 2006 the Fourth Circuit denied the petitioner a certificate of appealability.

Now, Sayre again seeks to challenge his 1997 conviction for burglary and kidnapping with a fifth §2254 petition. In this petition, Sayre asserts the following grounds for relief: (1) the court erred in using the wrong name for the victim in the indictment, during voir dire, and during an evidentiary hearing, resulting in a violation of his rights to due process and equal protection and (2) the recidivist life sentence was illegal due to the use of the wrong name for the victim on the triggering offense.

The Report and Recommendation from Magistrate Judge James E. Seibert was filed on May 29, 2007 and Sayre filed objections to the Report and Recommendation on June 5, 2007. Sayre also filed a

memorandum on August 2, 2007, a motion for appointment of counsel on August 3, 2007, objections to denial of appointment of counsel on August 10, 2007, supplemental objections on August 15, 2007 and an affidavit on September 5, 2007. In this barrage of documents, Sayre accused the Magistrate Judge of misinterpreting his § 2254 petition, the State of West Virginia of "fixing" his trial in a "legal lynch mob," and the United States of devolving into a Chinese-like communist state.

## II. ANALYSIS

Sayre's petitions and supplemental petitions are successive. 28 U.S.C. §2244 (b) provides in pertinent part as follows regarding successive petitions:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>   (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>   (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>   (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>   (3)(A) Before a second or successive application

>     permitted by this section is filed in the district court,
>     the applicant shall move in the appropriate court of
>     appeals for an order authorizing the district court to
>     consider the application.

In order for a petition to be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F. 3d 370 (4th Cir. 2002). Sayre's first § 2254 petition was denied and dismissed on the merits. Further, "[i]n the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims." United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). "[T]he authorization requirement applies to the entire application." Id.

Because there is nothing in the record reflecting that Sayre has obtained authorization from the Fourth Circuit Court of Appeals to file his successive §2254 petition in this Court, this Court is without authority to hear Sayre's successive petitions. Because the court has no jurisdiction over this matter, there is no need to hold an evidentiary hearing.

Finally, Sayre is not entitled to the appointment of counsel. The authority for the Court to appoint counsel in a §2254 action is discretionary and there is no constitutional right to have appointed counsel in post-conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551 (1987). A court may appoint counsel to a financially eligible person if justice so requires in a §2254

action. See 28 U.S.C. §2254(h); 18 U.S.C. §3006(A). Appointment of counsel for a petitioner who qualifies for the appointment of counsel under 18 U.S.C. §3006(A), is only required in a §2254 action when necessary for utilization of discovery procedures and when an evidentiary hearing is required. See Rules 6(a) and 8(c) of the Rules Governing Section 2254 cases in the United States District Courts.

Upon review of the file, the Court concludes that the issues in this matter are not complex, that this matter does not require discovery or an evidentiary hearing, and that the petitioner has not demonstrated circumstances which demonstrate the need for appointment of counsel. Accordingly, the petitioner's motion for appointment of counsel is hereby denied.

### III.  CONCLUSION

Based upon the foregoing, the Court **DISMISSES WITH PREJUDICE** Sayre's §2254 petition and supplemental petitions because his petitions are successive, and he has not received authorization from the Fourth Circuit Court of Appeals to file a successive §2254 petition.

It is further Ordered that Sayre's August 3, 2007 Motion for Appointment of Counsel are **DENIED**.

The Clerk is directed to **REMOVE** case number 1:07cv61 from the docket of this Court.

**ORDER AFFIRMING MAGISTRATE'S REPORT AND RECOMMENDATION**

It is so **ORDERED**.

The Clerk of Court is directed to mail a copy of this Memorandum Opinion and Order to the *pro se* petitioner.

Dated: September 12, 2007

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE